"This civilian pay case is before us on cross-motions for summary judgment. There is no triable issue of fact. Plaintiff was a criminal investigator (special agent) for the Bureau of Alcohol, Tobacco, and Firearms of the Treasury Department. He was dismissed by adverse action for alleged misconduct and has exhausted his administrative remedies. We have determined that the action of the Treasury Department was supported by substantial evidence and was not contrary to law, arbitrary or capricious.
"Plaintiff alleges lack of due process on various grounds. One is that the supervisor, Mr. Gaunt, who signed the notice of charges and effected the removal, was biased, having vowed to 'get’ the plaintiff. The contrary finding of the Civil Service Commission is supported by substantial evidence. Though bias from unacceptable causes such as racial or religious prejudice cannot be sustained, in general, allegations of bias rising from job-related causes, though often alleged, are difficult to sustain and have every presumption against them. A supervisor is not biased because he formed an unfavorable opinion of an employee from incidents on the job preceding the ones that were relied on in the charges. It would be most unusual for a view that misconduct required removal to arise in a *380 supervisor’s mind without any foundation in previous experience. Other alleged procedural errors were harmless to plaintiff, or not errors.
"Plaintiff further says that the offenses were not serious enough to justify removal. He virtually admits them as charged. The charges were: (1) false entries in his diary covering his activities on May 24, 25, and 26, 1973, (2) false claim for reimbursement for travel expenses, and (3) transportation of an unauthorized person in a government vehicle. No money loss was caused to the government. Plaintiff asserts the cost to it would have been greater if it had paid plaintiff the amount allowable for his actual travel. However, an investigative report relied on by defendant (DX-5) and furnished to plaintiff with the charges, reveals that the cause of agency concern in the matter was that the plaintiff was personally, not professionally, involved with the woman he took with him on a trip to Dallas and transported in a government vehicle. Plaintiff claimed that the woman was an informant and that the trip was a reward for information she had furnished, although no voucher was filed to reimburse him for the reward. The false vouchers and diary entries concealed plaintiffs relationship with the woman, as well as asserting he was in a place where he was not.
"Plaintiff relied in mitigation on his long service record, numerous commendations, and the lack of any pecuniary loss to defendant from his actions. He says he was trying to protect a supervisor whom a fruitless trip to Dallas by plaintiff would have discredited. The unauthorized ride was a trifling matter, just a few blocks. Plaintiffs immediate supervisor proposed no more than a demotion and one month’s suspension. Only Gaunt’s bias against plaintiff accounts for the severity of the penalty, plaintiff says.
"Judges may substitute their judgment for that of the agency as to penalty, only when it is inflicted contrary to regulation — not this case — or there is an extreme disproportion between offense and punishment, indicating abuse of discretion. Certain offenses may be treated more severely by some agencies than by others, as more directly related to job requirements. Certain categories of employees may be held to higher standards than others by the harsh penalty of dismissal. The utter reliability of his records and reports is essential to the usefulness of an investigative *381 agent. All the more must he state truthfully where.he was and what he did, after the fact, because often he must follow a hot trail without prior authorization or order. His superiors are entitled to the truth, and his breach of their laws may be but a step towards lawless behavior respecting the public. That the agency should have taken this offense as seriously as it did is therefore not surprising to us, and whether we ourselves would have been satisfied with a lesser penalty is a criterion we are not permitted to apply.
"Accordingly, on the motions and on the briefs and oral arguments of counsel, plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and plaintiffs petition is dismissed.”